THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN POWERS v. J. HAMPDEN ROBB, WALDO HUTCHINS, M. E. D. BORDEN and ALBERT GALLUP, Composing the Board of Park Commissioners of the Park Department of the City of New York, Respondents.

*Power to remove the members of the New York city park police.*

Under the provisions of chapter 262 of the Laws of 1887, amending section 690 of chapter 410 of the Laws of 1882, the board of park commissioners of the city of New York is divested of the unqualified power previously given to it to remove the members of the park police at its pleasure.

Absence for any cause without leave, sickness or disability, physical or mental, on the part of members of the park police, justify the board of park commissioners in taking or withholding pay, salary or compensation; but, unless the disability shall have been proved to be of a permanent character, the member of the park police subject thereto cannot be dismissed from the force because thereof.

Writ of certiorari to review the proceedings of the board of park commissioners in the removal of the relator from his position as a park policeman.

*Louis J. Grant*, for the relator.

*Woolsey Carmalt*, for the commissioners.

Daniels, J. :

The relator was appointed to the position of a patrolman on the park police, and upon information received by the commissioners from the police surgeon and another physician, that the relator was subject to insane delusion, they removed him from the force. This was done without notice to or hearing on the part of the relator, and the decision of the commissioners has been objected to as being without authority.

At the time when this removal took place, chapter 262 of the Laws of 1887 was in force amending section 690 of chapter 410 of Laws of 1882. The original as well as the amendatory section empowered the commissioners of parks to organize and appoint a force to consist of such a number of men as the board might from time to time determine to be necessary to preserve order in the

parks, and the section as it was contained in the act of 1882 further empowered the commissioners to discharge the persons so appointed at their pleasure.   But this power of removal in the amendatory act of 1887 was omitted and excluded from these provisions, and in the place of that provision it was enacted and declared that "the said board shall have power, in its discretion, on conviction by said board or by any court or officer of competent jurisdiction, of a member of the force known as the park police, of any legal or criminal offense, or neglect of duty, violation of rules, or neglect or disobedience of orders, or absence without leave, or any conduct injurious to the public peace or welfare, or immoral conduct, or conduct unbecoming an officer, or other breach of discipline, to punish the offending party by reprimand, forfeiting and withholding pay for a specified time, suspension without any pay during such suspension, or by dismissal from the force, but no more than thirty days' pay or salary shall be forfeited or deducted for any offense.   The board is also authorized and empowered, in their discretion, to deduct and withhold pay, salary or compensation from any member or members of the park police force, for or on account of absence for any cause without leave, lost or sick time, sickness or other disability, physical or mental."

And by this change made in this manner in the law, it is to be assumed to have been the intention of the legislature to divest the commissioners of the unqualified power previously given to them to remove the members of the force at their pleasure.   For the enactment of 1887 includes so much of the original section as it was intended after that should be in force.   And as this power was thereby omitted from the section, the only reasonable conclusion which can be adopted is, that it was intended by the legislature that it should be no longer possessed by the board.   Besides that, it was provided by the act of 1887 when and in what cases members of the force should be removed from their positions.   And by declaring and defining the cases in which such removals might be made, it is to be inferred that the legislature intended the authority in this manner given to be exclusive, and to deprive the commissioners of the power of removal in any other than the cases so specified. The qualification of the authority of the commissioners was distinct and clearly made, restricting their power of removal to the grounds

mentioned in the act; and before the removal of any person from the force can be made, his preceding conviction has been required by the board, or by a court of competent jurisdiction, of either a legal or criminal offense, or neglect of duty, or a violation of the rules of the department, or neglect or disobedience of orders, or absence without leave or conduct injurious to the public peace, or welfare, or immoral conduct or conduct unbecoming an officer, or other breach of discipline. Those are the only causes for which a removal from the force may now be directed; and the relator in this case has not been convicted of either of these offenses or charges. The further authority which was given to the board over members of the force was to deduct and withhold pay, salary or compensation from any member for or on account of absence for any cause without leave, lost or sick time, sickness or disability, physical or mental. This included the case of the relator. For whatever disability he had become subjected to was either physical or mental, or both, according to the statements made by the physicians. And it was for that disability the commissioners removed him from the force. But it has not been provided in the act that a removal may be made for this cause. The power which the statute has given to the commissioners is to deduct and withhold the salary or compensation of the member of the force in this manner disabled. And this power has been further qualified by restricting the deduction to no more than one-half the salary of the officer. It may be in case his disability proves to be of a permanent character that he will become liable to removal from his position under the preceding part of the section defining the cases in which the board may exercise that authority. But no proceeding or determination has been taken or made against the relator under that part of the section; but the authority which has been exercised was his removal because of his physical disability, when the act permitted no more than a suspension on half pay.

This was not authorized by the statute, and the determination should be reversed, with costs.

Van Brunt, P. J., and Brady, J., concurred.

Decision reversed, with costs.