PEOPLE *ex rel.* CLINE *v.* ROBB *et al.*, Park Commissioners.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

MUNICIPAL CORPORATIONS—REMOVAL OF POLICEMAN—INCURABLE MENTAL DISEASE.
  A member of the park police force is properly removed therefrom upon the statements of physicians that he is suffering from an organic and progressive disease of the brain of an incurable character, and is quite likely to indulge in outbursts of insane temper. Distinguishing *People* v. *Robb,* 8 N. Y. Supp. 502.

*Certiorari* to review a judgment of the park commissioners dismissing John Cline, a park policeman, from the force.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Louis J. Grant,* for relator. *John J. Delaney,* for respondents.

BRADY, J. The return shows that Dr. Marsh, the police surgeon of the board, requested that the relator, then on his sick list, should be examined by Dr. Allan McLane Hamilton, or some other expert in mental diseases, with a view to determine his fitness to perform police duty, and Dr. Allan McLane Hamilton, having been selected for the examination suggested, reported to Dr. Marsh, as follows:

"20 EAST 29th STREET, NEW YORK, Oct. 30th, 1889.

"*Dr. E. T. T. Marsh*—DEAR SIR: I have upon several occasions during the past month examined John F. Cline, a park policeman. He suffers from

head pain, tremor most marked in the muscles about the mouth, drawling speech, and inflammation of both optic nerves. These symptoms, in my mind, betoken organic and progressive disease of the brain of an incurable character. Likely as such a condition is to be associated at any time with mental disturbance, I am of the opinion that it will be unsafe for him to play the role of guardian of the public peace any longer. He is quite likely to indulge in outbursts of insane temper, and especially so should he drink strong liquors.                    Yours, respectfully,

[Signed]                    "ALLAN MCLANE HAMILTON, M. D."
—Whereupon the board dropped him from the roll, for the reason that it appeared from these reports that the relator was not then, nor would he at any time thereafter be, in a fit condition to enable him to perform police duty by reason of his physical disability. The relator seeks to reverse this conclusion, and predicates his appeal entirely upon the case of *People* v. *Robb*, reported in 8 N. Y. Supp. 502. In that case this court held that the board of commissioners of the park department had not the power to remove absolutely a member of their force upon the ground that he was subject to insane delusions; but it was said in that case that, if his disability proved to be of a permanent character, he would become liable to removal from his position under the act of 1887 referred to in that case, which defines the cases in which the board may exercise such an authority; and it was stated that no proceeding or determination had been made against the relator under that feature of the act. This case differs from that in this respect, namely, that the disease from which the relator unfortunately is suffering is mental and incurable, and is likely to be marked by such mental disturbance as to endanger the life or limb of the citizen. The authority upon which the judgment of the respondents rests is that of a physician with whom the police surgeon to the board concurred; and, however unfortunate the relator may be, either in regard to his own mental condition or to that which arises from the judgment of the respondents, his removal must be sustained. A person in his mental condition, whether holding a public office or not, should be so guarded or restrained as to prevent him from doing harm to any of our citizens, which, according to the statements of the physicians, might at any time be done in an insane outburst. The right of removal, when such a condition is demonstrated, is too important to be interfered with, and should be fostered from motives of public policy and public protection. In other words, an insane man is wholly incompetent to hold office, and ought not to be permitted to be at large. For these reasons the writ must be dismissed, and the judgment of the commissioners confirmed. All concur.